IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EXPRESS GRAIN TERMINALS, LLC**                                          **PLAINTIFF**

V.                                                                 **NO. 4:19-CV-146-DMB-RP**

**ROYAL PALMS RANCH STARKE, LLC**                                **DEFENDANT**

**ORDER**

On August 28, 2019, Express Grain Terminals, LLC, filed a complaint in the County Court of Leflore County, Mississippi, against Royal Palms Ranch Starke, LLC. Doc. #2. Asserting diversity jurisdiction, Royal Palms removed the case to the United States District Court for the Northern District of Mississippi on September 30, 2019. Doc. #1. Royal Palms filed an answer to the complaint and counterclaims against Express Grain on October 1, 2019. Doc. #3.

On August 30, 2021, Express Grain moved for partial summary judgment on some of Royal Palms' counterclaims.[1] Doc. #86. Approximately a month later, on September 29, 2021, Express Grain filed a suggestion of bankruptcy advising it had that day "filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Northern District of Mississippi." Doc. #99. Based on the suggestion of bankruptcy filing, United States Magistrate Judge Roy Percy stayed this case on October 5, 2021. Doc. #100.

Nearly two years later, on July 5, 2023, the bankruptcy court granted Royal Palms relief from the automatic bankruptcy stay to allow Royal Palms to proceed with its counterclaims against Express Grain. *See* Doc. #110 at PageID 1297–98. Judge Percy then issued an order lifting the stay in this case on September 18, 2023. Doc. #121. In the order, Judge Percy also set a March

---

[1] Specifically, "that Royal's claims that Express made representations to it convincing it to locate its cattle in Mississippi and that Express negligently or recklessly cared and supervised its cattle while in Mississippi should be dismissed with prejudice based on the undisputed fact that these claims can only be supported by alleged acts Young committed while working as an employee of Royal under a verbal contract and not as an employee of Express." Doc. #86 at 3.

15, 2024, deadline for discovery and an April 5, 2024, deadline for dispositive and *Daubert*-type motions. *Id.* at 2.

Because a significant period of time has elapsed since Express Grain filed its motion for partial summary judgment (making it unclear whether the facts and authority in the briefing are still accurate and applicable) and because, though the motion was fully briefed as of September 28, 2021,[2] the Court has been advised the parties will be conducting additional discovery[3] regarding Royal Palms' counterclaims, in the interest of judicial efficiency, particularly since the parties have been provided another opportunity to file dispositive motions,[4] Express Grain's motion for partial summary judgment [86] is **DENIED without prejudice**.[5]

**SO ORDERED**, this 22nd day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Docs. #87, #89, #98.

[3] The docket reflects that after Royal Palms filed its counterclaims, the parties served their pre-discovery disclosures, engaged in written discovery, and designated experts. *See, e.g.*, Docs. #7, #17, #21, #29, #30, #35. Numerous notices (and re-notices) of deposition were filed on the docket before Express Grain's motion for partial summary judgment. Docs. #48 to #53, #55 to #62, #74 to #85. And two notices of deposition were filed after Express Grain's motion. *See* Docs. #90, #91. However, the Court is unable to discern if depositions indeed occurred since there are no filings on the docket consistent with Local Rule 5(d)'s requirement that "[i]mmediately upon receipt of the original deposition, the party serving as custodian must file a copy of the cover sheet of the deposition and a notice that all parties of record have been notified of its receipt by the custodian."

[4] On August 23, 2023, Judge Percy allowed Express Grain's counsel of record to withdraw, ordered Express Grain to retain substitute counsel within fourteen days after its receipt of the withdrawal order, and warned Express Grain that, because a limited liability company is barred from proceeding pro se, its failure to retain substitute counsel "will be construed as an indication that it no longer intends to proceed with its claims in this action." Doc. #116 at 2. Express Grain has not retained substitute counsel. Its failure to do so may result in a default judgment against it as to Royal Palms' counterclaims. *See United States v. MGA Med. Equip., Inc.*, No. 3:17-cv-2760, 2019 WL 540713, at *2 (N.D. Tex. Jan. 2, 2019) ("Some courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel."); *see also Mount Vernon Fire Ins. Co. v. Obodoechina,* No. 8-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."); *PalWeb Corp. v. Vimonta AG,* No. 3:00-cv-1388, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (after corporate defendant was twice ordered to obtain substitute counsel but no attorney licensed to practice in jurisdiction entered appearance on its behalf, corporate defendant found in default and final judgment entered against it).

[5] The denial without prejudice of its partial summary judgment motion should be no surprise to Royal Palms—Judge Percy's August 23 order advised that "because Express Grain and Royal Palms will then be conducting additional discovery regarding Royal Palms' claims, Express Grain's pending motion for partial summary judgment with respect to those claims will be denied without prejudice." Doc. #116 at 2.