**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**EXPRESS GRAIN TERMINALS, LLC**                                                               **PLAINTIFF**

V.                                                                                                              **NO. 4:19-CV-146-DMB-RP**

**ROYAL PALMS RANCH STARKE, LLC**                                               **DEFENDANT**

**ORDER**

When Express Grain Terminals' former counsel was allowed to withdraw, Express Grain was ordered to retain substitute counsel no later September 6, 2023. Because Express Grain failed to retain substitute counsel and, as a limited liability company, cannot proceed with its claims in this case without counsel, Express Grain's claims against Royal Palms Ranch Starke, LLC, will be dismissed without prejudice.

**I**
**Procedural History**

On August 28, 2019, Express Grain Terminals, LLC, filed a complaint in the County Court of Leflore County, Mississippi, against Royal Palms Ranch Starke, LLC, seeking damages arising from a contract to provide cattle feed. Doc. #2. Asserting diversity jurisdiction, Royal Palms removed the case to the United States District Court for the Northern District of Mississippi on September 30, 2019. Doc. #1. Royal Palms filed an answer to the complaint and asserted counterclaims[1] against Express Grain "and/or Third Party Defendants John Does A, B, and C" on October 1, 2019. Doc. #3 at 3, 6–8. On November 11, 2019, Express Grain answered the counterclaims. Doc. #16.

---

[1] Royal Palms appears to allege counterclaims for misrepresentation; negligence; gross negligence; willful, wanton and reckless conduct; and breach of fiduciary duty, including the duty of good faith and fair dealing, the duty of loyalty and care, and the duty to inform. Doc. #3 at 6–8.

On August 30, 2021, Express Grain moved for partial summary judgment on some of Royal Palms' counterclaims. Doc. #86. Approximately a month later, on September 29, 2021, Express Grain filed a suggestion of bankruptcy advising it had that day "filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Northern District of Mississippi." Doc. #99. Based on the suggestion of bankruptcy filing, United States Magistrate Judge Roy Percy stayed this case on October 5, 2021, and required the parties to submit quarterly status reports. Doc. #100.

Nearly two years later, on July 5, 2023, the bankruptcy court granted Royal Palms relief from the automatic bankruptcy stay to allow Royal Palms to proceed with its counterclaims against Express Grain. Doc. #110 at PageID 1297–98. The same day, Royal Palms filed a "Final Status Report"[2] in this case advising of such, attaching the bankruptcy court's order. *Id*. at PageID 1297.

On July 20, 2023, Express Grain's then-counsel of record filed a "Motion to Withdraw as Counsel" because the bankruptcy trustee had not retained them to represent Express Grain in this litigation. Doc. #114. On August 23, 2023, Judge Percy issued an order granting the motion to withdraw on the condition that Express Grain's counsel of record file a certificate of service demonstrating service of the order and the certificate of service on Express Grain through service on its bankruptcy trustee and its bankruptcy attorney. Doc. #116 at 2. Judge Percy also ordered that Express Grain retain substitute counsel no later than fourteen (14) days after such service due to the existing rules which bar limited liability companies from proceeding pro se, warning that "failure to comply with [the] order will be construed as an indication that it no longer intends to proceed with its claims in this action." *Id.* Express Grain's former counsel served Express Grain with the order and the certificate of service. Doc. #118. However, Express Grain failed to retain

---

[2] The parties filed a total of six status reports. Docs. #105 to #110.

substitute counsel by the deadline Judge Percy set or at any later point. On September 18, 2023, Judge Percy lifted the stay of this case. Doc. #121.

## II
## Discussion

"[A] corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). "Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney." *Id.*; *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 … does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."). Courts have applied this same rule to limited liability companies. *Yanmar Am. Corp. v. Vina Tractor Co.*, No. 3:12-cv-2479, 2013 WL 12123943, at *1 (N.D. Tex. Mar. 20, 2013); *Spivey v. Absentia Pictures LLC*, No. 3:19-cv-1256, 2019 WL 7842415, at *1 (N.D. Tex. Nov. 15, 2019); *see Am. Safety LLC v. Alger*, No. 20-3451, 2021 WL 1753808, at *2 (E.D. La. May 4, 2021) ("Because an LLC is a separate entity, a member that is not a licensed attorney may not represent the LLC in court.").[3]

Because Express Grain is a limited liability company, is currently proceeding in this litigation without legal representation, failed to retain substitute counsel, and otherwise failed to

---

[3] Express Grain's failure to retain substitute counsel may result in a default judgment against it as to Royal Palms' counterclaims. *See United States v. MGA Med. Equip., Inc.*, No. 3:17-cv-2760, 2019 WL 540713, at *4 (N.D. Tex. Jan. 2, 2019) ("Some courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel."); *Mount Vernon Fire Ins. Co. v. Obodoechina*, No. 8-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."); *PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (default judgment entered against Swiss corporate defendant after court ordered it to obtain substitute counsel on two occasions but no attorney licensed to practice in the jurisdiction entered an appearance on its behalf).

respond to Judge Percy's August 23 order, Express Grain's claims against Royal Palms will be dismissed.

### III
### Conclusion

For the reasons explained above, Express Grain's claims against Royal Palms are **DISMISSED without prejudice**.[4]

**SO ORDERED**, this 3rd day of October, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] So the only claims remaining in this case are Royal Palms' counterclaims against Express Grain.